UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID J. PEDERSEN,

                Plaintiff,

    v.

TRACY SCHNEIDER,

                Defendant.

CASE NO. C21-5121-RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #41. The Court has reviewed Plaintiff's complaint, parties' cross-motions for summary judgment, Defendant's motion to seal, the R & R, Plaintiff's objections thereto, Defendant's response, and the remainder of the record. For the reasons set forth below, the Court adopts the recommendations of the R & R to grant in part Defendant's motion to seal, to deny Plaintiff's motion for summary judgment, to grant Defendant's motion for summary judgment, and to dismiss this action.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

## II.  BACKGROUND

Plaintiff David J. Pedersen, proceeding pro se and in forma pauperis ("IFP"), brings this prisoner civil rights action against Defendant Tracy Schneider, correctional manager at the Washington State Penitentiary ("WSP") in Walla Walla, Washington where Plaintiff is currently confined.  Dkt. #1.  This matter arises out of a WSP mailroom employee's rejection of an outgoing letter from Plaintiff to his fiancé, Loretta Pedersen, on November 16, 2020.  Dkt. #21 at ¶ 13. Department of Corrections ("DOC") policy provides that mailroom staff must reject mail to or from incarcerated individuals if it contains "sexually explicit material" as defined under Wash. Admin. Code § 137-48-020(13).  The mailroom employee found that Pedersen's letter, which contained a detailed drawing of masturbation and an explicit description of a sexual act between Plaintiff and the intended recipient, was "sexually explicit" for containing "written depiction of intercourse and drawn depiction of masturbation."  *Id.*  The employee's rejection of the mail was forwarded for review to the Superintendent's Designee, Sgt. Derek Dugger, who reviewed the letter and upheld the rejection as it "does contain sexually explicit writings and a drawing."  *Id.* at ¶ 14.  That rejection was forwarded to Defendant Schneider for review, who upheld the rejection on February 25, 2021.  *Id.* at ¶ 15.

Plaintiff filed this complaint on February 19, 2021, claiming that Defendant's rejection of his outgoing mail violated his First Amendment rights.  Dkt. #4.  Plaintiff seeks a declaratory judgment stating that (1) censorship of his letter violated his rights under the First Amendment; (2) Defendant Schneider's failure to reverse the censorship decision, and her possession of his letter, continues to violate his First Amendment Rights; and (3) the Washington Administrative Code 137-48-040 is unconstitutional to the extent that it authorizes censorship of outgoing prisoner

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

correspondence for reasons that do not comport with the U.S. Supreme Court's holding in *Procunier v. Martinez*, 416 U.S. 396 (1974), "as is any other policy, code, statute or practice that fails to draw a distinction between incoming and outgoing prisoner correspondence." *Id.* at 11-12. Plaintiff also seeks nominal and punitive damages in addition to any other relief deemed proper by the Court. *Id.*

On March 2, 2021, Plaintiff moved for summary judgment on the basis that his First Amendment rights were violated as a matter of law by the "censorship" of the letter. Dkt. #20. Defendant opposed Plaintiff's motion and filed a cross-motion for summary judgment. Dkt. #22. Defendant further moves to seal the letter at issue, while Plaintiff opposes the request to seal on the basis that he should have access to properly litigate his case. Dkts. #28, #30.

On August 10, 2021, Judge Tsuchida issued an R & R recommending dismissal of this case. Dkt. #41. Specifically, Judge Tsuchida concluded that the letter constituted obscene speech under *Miller v. California*, 413 U.S. 15 (1973), which is not protected by the First Amendment. *Id.* at 8-10. The R & R further concluded that even if the letter were not obscene, Plaintiff has not alleged facts sufficient to show that the DOC policy for rejecting a prisoner's sexually explicit outgoing mail is unconstitutional on its face or as applied to his letter. *Id.* at 10-18. Furthermore, the R & R recommends granting in part Defendant's motion to seal to the extent that Plaintiff is prevented from possessing copies of the letter. *Id.* at 18-19. It denies the remainder of Defendant's motion to seal such that the document will not be sealed on the public docket. *Id.* Plaintiff timely filed Objections to the R & R on August 24, 2021, Dkt. #42, and Defendant Schneider filed a Response. Dkt. #43.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

III.     DISCUSSION

A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

B. Rejection of Outgoing Mail

The Court first considers whether Plaintiff's outgoing letter is subject to First Amendment protections. The U.S. Supreme Court has determined that "'[s]exual expression which is indecent but not obscene is protected by the First Amendment.'" *Reno v. Am. Civil Liberties Union,* 521 U.S. 844, 874 (1997) (*quoting Sable Communications of California, Inc. v. F.C.C.,* 492 U.S. 115, 126 (1989)). However, obscene speech is not protected by the First Amendment. *Miller v. California,* 413 U.S. 15, 24 (1973). *Miller* set forth a three-part test to determine whether speech is obscene: (1) whether the average person, applying contemporary community standards would find the work, taken as a whole, appeals to the prurient interest; (2) whether the work depicts or describes sexual conduct in a patently offensive way according to contemporary community standards; and (3) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Id.* at 24; *Wright v. Van Boening,* 958 F.2d 380 (9th Cir. 1992). Whether speech is obscene is an issue that may be determined at summary judgment. *See, e.g.*, *Wright v. Van*

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 4

*Boening,* 958 F.2d 380 (9th Cir. 1992); *Clark v. Carter,* 2006 WL 3448689, *6 (W.D. Wash. Nov. 27, 2006).

The Court finds no reasonable dispute of fact that an average person, applying contemporary standards, would find that Plaintiff's letter appeals to the prurient interest. The letter contains a graphic depiction of masturbation, including a drawing of an ejaculating male genitalia. *See* Dkt. #26 (sealed) at 6. It also contains brief yet detailed descriptions of Plaintiff engaging in sexual acts with the letter's intended recipient. *Id.* at 3, 6. Indeed, Plaintiff describes his own writing as "prurient thoughts." *Id.* at 3. To the extent Plaintiff objects that only a small percentage of the letter contains explicit sexual material, *see* Dkt. #42 at 3-4, the contents of the remainder of the letter do not negate the obscenity of the contents at issue, which include the conspicuous illustration at the end of the letter. This content therefore meets the first prong of the obscenity test.

The Court likewise finds no reasonable dispute of fact that Plaintiff's letter describes sexual conduct in a way that is patently offensive. Plaintiff objects that the Court "has an obligation to explain precisely how Plaintiff's descriptions of sexual conduct are 'patently offensive,' bearing in mind that the contemporary community standards in question are those of the Pacific Northwest, not Saudi Arabia or those areas in Afghanistan controlled by the Taliban." Dkt. #42 at 3. Here, the letter describes sexual conduct in a patently offensive way through graphic descriptions, an illustration, and slang words for sexual organs. *See* Dkt. #26. Consistent with determinations by other courts in this district, these characteristics are sufficient to conclude that the letter is obscene. *See Perez v. Warner,* No. C15-5530-RBL-DWC, 2016 WL 2894053, at *4 (W.D. Wash. Apr. 27, 2016), *report and recommendation adopted*, No. C15-5530-RBL-

DWC, 2016 WL 2866357 (W.D. Wash. May 17, 2016) (finding letters that graphically describe plaintiff engaging in sexual actions with letter's intended recipient, use of "street slang and vernacular for sexual organs" and "graphic descriptions of sexual acts" were offensive according to contemporary community standards). Furthermore, the fact that prison officials were necessarily subjected to the contents of the letter renders it offensive. *See id.*; *Clark v. Carter*, 2006 WL 3448689, *6 (W.D. Wash. Nov. 27, 2006) (finding letter offensive, in part, because DOC Mail Policy 450.100 requires that persons other than the intended recipient were required to review it). Plaintiff argues that he was aware his correspondence "could" be read, but he contends—without support—that the vast majority of prison mail is not reviewed because mailroom employees do not have the resources to read all correspondence. Dkt. #42 at 4. This argument is unavailing, given that DOC Mail Policy 450.100 requires that prison mailroom staff review outgoing mail. Pursuant to this policy, Plaintiff's letter was reviewed. The theoretical likelihood that Plaintiff's letter could have escaped review is therefore inapposite.

Finally, there is no reasonable dispute of fact that Plaintiff's letter, taken as a whole, lacks serious literary, artistic, political, or scientific value. Plaintiff objects that "Plaintiff's point in illustrating the content of the majority of his letter is that it does in fact have such value. It is not inconceivable that a compilation of Plaintiff's correspondence would hold value for some, even if Magistrate Tsuchida's tastes lie elsewhere." Dkt. #42 at 3. As an initial matter, Plaintiff makes no effort to identify what value his letter holds—whether literary, artistic, political, or scientific. Moreover, given that this was a private letter written to his fiancé and was thus not intended for public consumption, no reasonable juror could conclude that it holds broader societal value. *See* Dkt. #33 at 3 (Plaintiff's response to Defendant's summary judgment motion describing his letter

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 6

as "a private communication mailed to his wife . . . not meant to be disseminated among the public."). In light of these findings, the letter satisfies the third prong of the obscenity test.

For these reasons, the Court concludes that Plaintiff's outgoing letter meets all three prongs of the *Miller* obscenity test. Having determined that Plaintiff's letter is obscene, it is not protected by the First Amendment. *Clark,* 2006 WL 3448689 at *6. Defendant's refusal to deliver the outgoing letter therefore did not violate Plaintiff's First Amendment rights. Accordingly, Defendant's Motion is granted as to Plaintiff's claim that his First Amendment rights were violated by Defendant's rejection of his outgoing letter.

### C. Constitutionality of Prison Mail Policy

The Court now turns to Plaintiff's facial constitutional challenges against DOC Mail Policy 450.100 and Washington Administrative Code 137-48-040 for prohibiting delivery of inmates' outgoing mail containing sexually explicit material. In determining whether restrictions imposed on prisoners' outgoing mail is constitutional, courts consider whether the prison's practice furthers "an important or substantial governmental interest unrelated to the suppression of expression[.]" *Procunier v. Martinez,* 416 U.S. 396, 413 (1974) ("Prison officials . . . must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation." *Id.* That restriction "must be no greater than is necessary or essential to the protection for the particular governmental interest involved." *Id.* However, prison officials need not show that there is no less restrictive mail policy that could serve the same penological interests. *Thornburgh v. Abbot*, 490 U.S. 401, 411 (1989)

(concluding that *Martinez* "require[s] no more than that a challenged regulation be 'generally necessary' to a legitimate governmental interest.").[1]

Here, Defendant has presented evidence through declarations that sexually explicit material is unauthorized in DOC facilities "because of the threat it presents to the safety and security of offenders and staff within the facilities." Dkt. #24 at 3. In addition to increased instances of sexual harassment against offenders and staff as a result of sexually explicit material, Defendant's declaration also cites to such material being used as a form of currency that leads to coercion and strong-arming of offenders, with threats made against offenders who will not share sexually explicit material with others. *Id.*

Plaintiff objects that Defendant's declaration is insufficient to meet her burden. Specifically, he argues that any evidence supporting Defendant's claim "would be documented and stored in the D.O.C.'s database, to which the Defendant has unfettered access." Dkt. #42 at 4. The Court finds Plaintiff's conclusory assertion insufficient to raise a material dispute of fact as to the government's legitimate interest. Indeed, courts have rejected similar constitutional challenges to DOC mail policies requiring rejection of sexually explicit material in outgoing mail. *See Clark,* 2006 WL 3448689 at *7-8. The policy at issue in *Clark* was a previous version of DOC Mail Policy 450.100. In that case, defendant prison officials presented evidence that a policy decision to reject "sexually explicit" mail was necessary based on psychological studies finding an increase in sexual aggression from viewing pornographic or sexually explicit material,

---

[1] Plaintiff argues that under *Thornburgh*, that the standard set forth in *Turney v. Safley*, 482 U.S. 78 (1987) is not "toothless." Dkt #42 at 4. Yet *Turner*, which sets forth a more deferential standard than *Martinez*, applies to censorship of incoming as opposed to outgoing mail and is therefore inapposite here. *See Turner*, 482 U.S. at 78.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 8

which in turn resulted in increased safety and security threats to staff, offenders, offender families, and volunteers. *Id.* ("[E]xperts found that there was an increase in sexual aggression, threatening the safety and security of the institution, regardless of whether the inmate received the materials from mail coming into him or he created the materials and sent them out to someone else."). As a result of this finding, "DOC policy was changed to prohibit offenders from sending or receiving sexually explicit materials." *Id.* The court determined that this evidence satisfied defendants' burden under *Martinez* to show that a regulation furthered a substantial government interest and was generally necessary to that legitimate interest.[2] Consistent with *Clark*, the Court finds no material dispute of fact that DOC Mail Policy 450.100 furthers the government's substantial interest in safety and security inside the prison and are generally necessary to that legitimate interest. It is therefore constitutional under *Martinez*.

Plaintiff also objects that prison officials should not be afforded any deference in this matter given that most prison guards are "poorly educated individuals" subject to bias and spite, with prison administrators "only marginally better educated" than the guards they supervise. Dkt. #42 at 4. He provides no support for this assertion. Moreover, the U.S. Supreme Court has determined that the experience and expertise of prison officials leaves them better-placed than courts to determine appropriate safety and security measures in the prisons they manage. *See Thornburgh*, 490 U.S. at 407–08 ("Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management,

---

[2] To the extent Plaintiff objects that the R & R fails to identify the authors, the sample size, the control groups, or data analyzed in the psychological studies relied upon in *Clark*, Dkt. #42 at 5, this objection has no bearing on the holding in *Clark*, which concluded that the government has a substantial interest in safety and security and that a restriction on sexually explicit outgoing mail is generally necessary to that interest.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 9

this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world.") (*quoting Martinez*, 416 U.S. at 404–05). For these reasons, Plaintiff's argument is unavailing.

Turning to Plaintiff's challenge to Washington Administrative Code 137-48-040, a facial challenge to a regulation requires a plaintiff to show that "no set of circumstances exists under which [the regulation] would be valid . . . or that the [regulation] lacks any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotation marks and citations omitted). As set forth above, the Court has concluded as a matter of law that DOC's regulation of sexually explicit outgoing mail does not violate *Martinez*. For that reason, Plaintiff's argument that "no set of circumstances exist" under which such a regulation would be valid automatically fails.

D. **Motion to Seal**

Neither party objects to the R & R's recommendation to grant in part and deny in part Defendant's motion to seal. Specifically, the R & R recommended granting Defendant's request for a protective order in light of expressed safety and security concerns such that neither Defendant nor the Clerk shall provide a copy of the document to Plaintiff electronically or through other means. Dkt. #41 at 19. It further recommended denying Defendant's motion to seal the document on the docket such that the public would be able to access it. *Id.* The Court finds no error in these determinations and adopts them in full.

IV.   **CONCLUSION**

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Plaintiff's Objections thereto and Defendant's Response, and the

remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation. (Dkt. #41).

(2) Defendant's motion to seal and for a protective order (Dkt. 25) is GRANTED IN PART and DENIED IN PART. Defendant's request for a protective order (Dkt. 25) is GRANTED and Defendant is not required to provide a copy of the document in question (Dkt. 26) to Plaintiff. The Clerk is instructed not to provide a copy of the document (Dkt. 26) to the Plaintiff electronically or through any other means. The remainder of Defendant's motion (Dkt. 25), seeking to seal the document from the public, is DENIED.

(3) Plaintiff's motion for summary judgment (Dkt. 20) is DENIED.

(4) Defendant's cross-motion for summary judgment (Dkt. 22) is GRANTED and this case is DISMISSED and closed.

(5) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

DATED this 16th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE